UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY DONATO )
Reg. No. 71455-053 )
FCI Danbury )
33.5 Pembroke Road )
Danbury, CT 06811, )
                    Plaintiff )
)
)
        v. )
)
)
)
)
)
)
)
EXECUTIVE OFFICE )
UNITED STATES ATTORNEY )
600 E St., NW, Suite 7300 )
Washington, DC 20530 )
)
FEDERAL BUREAU OF INVESTIGATION )
170 Marcel Drive )
Winchester, VA 22602 )
)
BUREAU OF PRISONS )
CENTRAL OFFICE )
320 First St., NW )
Washington, DC 20534, )
                    Defendants )

Case: 1:16-cv-00632
Assigned To : Jackson, Ketanji Brown
Assign. Date : 4/4/2016
Description: FOIA/Privacy Act (I Deck)

FOIA COMPLAINT
(5 USC §552 et. seq.)

APPEAL NOs:

EOUSA - AP-2012-02350
FBI - AP-2014-04980
BOP - AP-2012-00565
        AP-2014-05000

RECEIVED
Mail Room
FEB 1 5 2016
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

NATURE OF ACTION

1. This is an action brought by plaintiff Anthony Donato (Donato) against the Executive Office United States Attorney (EOUSA), the Federal Bureau of Investigation (FBI), and the Federal Bureau of Prisons (BOP) under the Freedom of Information Act (FOIA), 5 USC 552 et. seq. for the disclosure of documents pertaining to the Dominick Cicale (Cicale) plot to frame Vincent Basciano (Basciano) and BOP Officer Marco Santomaggio (Santomaggio) with the help of Carlos Medina (Medina) in a phony murder conspiracy (Cicale plot) in the

1

WitSec Unit at MCC Manhattan on or about June 2007.

2. Donato requested from the above-mentioned agencies all documents, including the Medina 7-page letter to BOP Counselor Gloria Black, emails, inter-office memos, and the results of the FBI's and the BOP's investigation into the Cicale plot.

3. Donato also seeks disclosure of documents from the BOP pertaining to Donato's request for the "Factors Under 18 USC 3621(b) Worksheets" (Worksheets) used in determining Donato's prison transfers.

## JURISDICTION

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendants pursuant to 5 USC 552(a)(4)(B) and 28 USC 1331.

## VENUE

5. Venue is appropriate under 5 USC 552(a)(4)(B) and 28 USC 1391.

## PARTIES

6. Plaintiff, Anthony Donato, is a pro se litigant incarcerated at FCI Danbury in Conneticut, and respectfully requests that this Court hold this complaint to less stringent standards based on his pro se status.

7. Defendant EOUSA is a component of the Department of Justice (DOJ). The EOUSA has possession, custody and control of the records Donato seeks.

8. The FBI is a component of the DOJ. The FBI has

possession, custody and control of the records Donato seeks.

9. The BOP is a component of the DOJ. The BOP has possession, custody and control of the records Donato seeks.

## STATEMENT OF FACTS

EOUSA

10. On May 31, 2011, Donato submitted a FOIA request to the EOUSA requesting "all documents, emails, inter-office memos, including the Carlos Medina 7-page letter to BOP Counselor Gloria Black, concerning the Dominic Cicale plot to frame Vincent Basciano and BOP Officer Santomaggio with the help of Carlos Medina in a phony murder plot in the WitSec Unit at MCC Manhattan on or about June 2007. See Exhibit 1.

11. On July 7, 2011, the EOUSA responded that Donato identify the specific USAO(s) where he believes the records may be located.

12. On July 18, 2011, Donato amended his request identifying the USAO(s) in the Southern District of New York (SDNY) and the Eastern District of New York (EDNY) as the specific locations for those records.

13. On August 8, 2011, the EOUSA assigned request no. 11-2390 to the EDNY and request no. 11-2389 to the SDNY.

14. On August 30, 2011, the EOUSA notified Donato that the search for records in the SDNY revealed no responsive records regarding his request.

15. On December 27, 2011, the EOUSA notified Donato that they have reached the 2 hours of search time which is provided at no charge, but they estimate an additional 55 hours will be required to complete the search for the records requested at a

cost of $1540.00. In addition, the EDNY has informed them that they have 55 unindexed boxes each containing between 2000 and 4000 pages of records that are potentially responsive to his request. See Exhibit 2.

16. In a January 19, 2012 letter to the EOUSA, Donato requested a waiver of fees pursuant to 28 CFR 16.11(k)(i), and (k)(ii). See Exhibit 3.

17. In a February 22, 2012 letter in response to Donato's request to a waiver of fees, the EOUSA denied Donato's request based on factor 3 of the 6 factors set forth in 28 CFR 16.11(k) stating that Donato has "not demonstrated in any way that you have both the intent and ability as required..., to disseminate the requested records." See Exhibit 4.

18. In a March 4, 2012 letter, Donato requested the first 100 pages that he is entitled to while appealing the waiver of fees denial. See Exhibit 5.

19. On May 8, 2012, Donato filed an appeal to the Office of Information Policy (OIP) showing both the intent and ability to disseminate the requested records by submitting 2 letters, one to Mitchel Maddux of the New York Post, and one to Brad Heath of USA Today, and also a letter to the Access Legal Aide (ALA) website. See Exhibit 6.

20. On May 23, 2012, the OIP assigned Donato appeal no. AP-2012-02350.

21. On September 28, 2012, the OIP concluded that Donato's request for a waiver of fees was properly denied, but the OIP remanded his "request to the EOUSA for it to provide you with your statutory entitlements of 2 hours of search time and up to 100 pages of duplication without cost to you." See

Exhibit 7.

22. In a January 12, 2013 letter to the OIP, Donato inquired about the status of his statutory entitlement of the 2 hours search time and 100 pages of duplication remanded by the OIP. See Exhibit 8.

23. On April 27, 2013, Donato made a second request inquiring about the status of the 2 hours search time and 100 pages of duplication.

24. In a June 6, 2013 letter, the OIP stated that if Donato would like to inquire about the status of his request he should contact the EOUSA directly which he did in a July 22 letter to the EOUSA. See Exhibit 9. As of this date, the EOUSA has failed to respond to Donato's status request.


FBI

25. On May 31, 2011, Donato submitted a FOIA request to the FBI requesting "all documents, emails, inter-office memos, including the Carlos Medina 7-page letter to BOP Counselor Gloria Black, concerning the Dominic Cicale plot to frame Vincent Basciano and BOP Officer Santomaggio with the help of Carlos Medina in a phony murder conspiracy in the WitSec Unit at MCC Manhattan on or about June 2007. See Exhibit 10.

26. On September 12, 2011, Donato wrote to the FBI stating that he never received notice assigning him a request no., and he resubmitted his request. See Exhibit 11.

27. On October 31, 2011, Donato received notice from the FBI assigning him request no. 11752443-000 and stating that his request had been received at FBI Headquarters for processing.

28. On December 27, 2011, Donato wrote the FBI requesting a status report on his request. The FBI never responded.

29. On July 23, 2014, Donato submitted 2 new requests, one to the FBI Field Office in Albany, NY and one to the New York City Office in Manhattan, both "requesting all documents, including the Carlos Medina 7-page letter to BOP Counselor Gloria Black, emails, inter-office memos, and the results of the FBI's investigation relating to the Dominick Cicale plot to frame Vincent Basciano and BOP Officer Marco Santomaggio with the help of Carlos Medina in a phony murder conspiracy in the WitSec Unit at MCC Manhattan on or about June 2007. See Exhibit 12.

30. On August 4, 2014, the FBI assigned Donato's request no. 1286073-000. The FBI states that in order to process Donato's request he must provide one of the following: (1) an authorization and consent from the individual; (2) proof of death; or (3) a justification that the public interest in disclosure outweighs personal privacy, and "in absence of such information, the FBI can neither confirm nor deny the existence of any records responsive to your request...." See Exhibit 13.

31. On August 14, 2014, Donato responded to the FBI stating that his request was based on no. 3, "a justification that the public interest in disclosure outweighs personal privacy interests." Donato argued that 3rd party privacy interests were nullified because the names of those involved in the Cicale plot are public knowledge, namely, government informants, Cicale and Medina, "both testified in open court about the plot, it was reported in the media," and "the names

of the BOP staff that submitted affidavits related to the plot
were all made public in a district court opinion in 2008."
Donato went on to describe the reasons why public interest
disclosure outweighs privacy interests. See Exhibit 14.

32. On September 3, 2014, the FBI denied Donato's request
stating, "you have not sufficiently demonstrated that the
public's interest in disclosure outweighs personal privacy
interests of the subject." See Exhibit 15.

33. On September 16, 2014, Donato submitted an appeal to
the OIP claiming that the FBI's Glomar response refusing to
confirm or deny the existence of responsive documents on the
basis that doing so would compromise privacy is inappropriate,
that under the FAVISH test Donato shows that "a belief by a
reasonable person that the alleged government impropriety
might have occured," and also describing the reasons why
public interest disclosure outweighs any other privacy
interests. See Exhibit 16.

34. On February 24, 2015, Donato's OIP appeal, no. AP-
2014-04980, was denied stating, "The FBI properly refused to
confirm or deny existence of records....", and "without... an
overriding public interest, confirming or denying existence of
such records,... concerning an individual would constitute a
clearly unwarranted invasion of personal privacy...." See
Exhibit 17.

BOP REQUEST #1 - CICALE PLOT

35. On May 31, 2011, Donato submitted a FOIA request to
the BOP requesting all documents, emails, inter-office memos,
including the Carlos Medina 7-page letter to BOP Counselor

Gloria Black, concerning the Dominic Cicale plot to frame
Vincent Basciano and BOP Officer Santomaggio with the help of
Carlos Medina in a phony murder conspiracy in the WitSec Unit
at MCC Manhattan on or about June 2007. See Exhibit 18.

36. In a September 28, 2011 letter responding to Donato's
FOIA request no. 2011-08565, the BOP stated that 225 pages of
records were received for release determination and upon
review all 225 pages were withheld in their entirety based on
the following statutory exemtions: 5 USC 552(b)(2), (b)(5),
(b)(6), (b)(7)(C), (b)(7)(D), (b)(7)(E), and (b)(7)(F).
See Exhibit 19.

37. On October 31, 2011, Donato submitted an appeal to
the OIP challenging the BOP's withholding of the 225 pages
based on the above-mentioned exemptions. See Exhibit 20.

38. In a November 22, 2011 letter, Donato's appeal was
assigned no. AP-2012-00565 by the OIP.

39. On July 25, 2012, Donato's appeal was denied by the
OIP stating, "BOP properly withheld this information in full
because it is protected from disclosure under the FOIA
pursuant to" the above-cited exemptions. See Exhibit 21.


BOP REQUEST NO. 2 - WORKSHEETS

40. On February 25 2014, Donato filed a Request to Staff
form to Case Manager Gaede (Gaede) at FCI Sandstone, MN
requesting the forms that detail the BOP's assessment of the 5
factors of 28 USC 3621(b) that the BOP must consider when
making designation placement determinations for all his prison
transfers. See Exhibit 22.

41. On February 28, 2014, Gaede responded by stating,

"The Designation/Security Computation Center (DSCC) are the ones that make the decision on designating inmate to facility." See Exhibit 22 "Disposition".

42. On March 2, 2014, Donato addressed a letter to the DSCC requesting the Worksheets and citing 8 court cases in different federal courts where the Worksheets are specifically referenced. See Exhibit 23. To this date, the DSCC never responded to Donato's letter. On the same day, Donato filed a FOIA request with the BOP requesting the Worksheets. See Exhibit 24.

43. In a March 19, 2014 letter, the North Central Region (NCR) assigned Donato request no. 2014-05244.

44. On September 3, 2014, the Central Office in responding to Donato's request stated, "Bureau of Prisons staff conducted a thorough search for the records you requested,.... However, no records could be located responsive to your request." See Exhibit 25.

45. On September 18, 2014, Donato appealed the BOP's decision to the OIP claiming that the BOP's search for the Worksheets were inadequate. See Exhibit 26.

46. On October 3, 2014, Donato's appeal was assigned no. AP-2014-05000 by the OIP.

47. On July 27, 2015, the OIP responded to Donato's appeal by stating, "...I am remanding your request in part to BOP for further review..., I am otherwise affirming BOP's action on your request.... I have determined that BOP has now conducted an adequate, reasonable search for such records." See Exhibit 27.

48. On August 3, 2015, the Central Office in response to

the OIP's remand of July 27, 2015 stated, "...staff conducted an additional search and located 2 pages of responsive records" which were released to Donato. See Exhibit 28. The 2 pages released were not the requested Worksheets, but were 2 Request for Transfer/Application of Management Variable forms from Donato's transfers from FCI Estill and FCI Oakdale which Donato already has in his possession.

49. On August 17, 2015, Donato again appealed to the OIP requesting them to order the BOP to adequately re-search their records for the Worksheets citing 10 cases in federal courts where the Worksheets are specifically referenced. See Exhibit 29.

50. On September 8, 2015, Donato was assigned a new appeal no. AP-2015-05630.

51. On September 25, 2015, the OIP denied Donato's appeal stating, "...this office adjudicated the adequacy of BOP's search in response to your prior appeal.... Accordingly, there is no action for this office to consider on appeal and I am closing your appeal file in this office." See Exhibit 30.

52. Donato has exhausted all administrative remedies with the above-mentioned agencies and is within the statute of limitations to bring this suit.

## CLAIMS FOR RELIEF

53. FOIA provides that every government agency, upon request for records which (I) reasonably describes such records, and (II) is made in accordance with published rules..., shall make the records promptly available to any

person. 5 USC 552(a)(3)(A).

54. FOIA was enacted to facilitate public access to government documents and was designed to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny.

55. The agency bears the burden of establishing that a claimed exemption applies.

56. The agency may carry that burden by submitting affidavits that describe the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of bad faith.

CLAIM 1 - EOUSA - WAIVER OF FEES

57. Donato repeats and realleges paragraphs 10 to 24.

58. FOIA requires that documents shall be furnished without any charge or at a reduced charge... if disclosure of the information is in the public interest because it is likely to contribute to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. 5 USC 552 (a)(4)(A)(iii).

59. The standard of review for agency determinations concerning fee waivers is de novo, though the reviewing court is limited to consideration of the record before the agency. 5 USC 552(a)(4)(vii).

60. Donato's request for a waiver of fees turns only on whether he can prove his ability to disseminate the documents

because the OIP has conceded the other waiver of fees factor requirements. See Exhibit 7.

61. Donato has shown the ability to disseminate the requested information through ALA whose website publishes inmate information and letters on Facebook, Google and their Blog.

62. Viewers of the website are not only inmates, where there are over 2,000,000 incarcerated in this country, including over 196,000 federal inmates, but also other members of the general public.

63. Donato's representation that he will supply the information that he has received to an organization which can widely disseminate it to the relevant public entitles Donato to a waiver of fees.

64. There is nothing in the FOIA statute that supports a distinction between the public at large and a segment of the public or, specifically, between the non-incarcerated public and the incarcerated public.

65. Donato has shown the ability to disseminate the requested information and asks this Court to grant a waiver of fees.


CLAIM 2 - FBI - GLOMAR RESPONSE

66. Donato repeats and realleges paragraphs 25 to 34.

67. The FBI's GLOMAR response neither confirming nor denying the existence of the requested records relating to the Cicale plot is inappropriate when the Cicale plot was discussed in numerous district court opinions, testified to at an open trial, reported by news organizations in print and

online, was the subject of numerous publicly file motions and letters to the district court, and the documents were released to Donato's severed codefendant Basciano.

68. A GLOMAR response allows an agency to respond to a FOIA request by neither confirming nor denying the existence of any records responsive to the request, on the grounds that confirming or denying the existence of records would itself cause harm cognizable under a FOIA exception.

69. In issuing a GLOMAR response, the agency bears the burden of showing that the mere acknowledgement of whether it possesses or does not possess the requested records is protected from disclosure under a FOIA exemption.

70. Donato challenges the FBI's GLOMAR response in 2 ways, that it would cause harm cognizable under a FOIA exemption and under the official acknowledgement doctrine.

71. Donato can overcome a GLOMAR response by showing that the agency has already disclosed the fact of the existence of responsive records, since that is the purportedly exempt information that a GLOMAR response is designed to protect.

72. Donato has a meritorious defense that the FBI's justification for refusing to even confirm the Cicale plot existence has been undermined by prior disclosure.

73. Donato requests that this Court order the FBI to - at a minimun - confirm or deny whether the documents Donato seeks exist, and if it does, order the FBI to either turn them over or explain the reasoning behind its withholding.

CLAIM 3 - BOP ISSUE 1 - CICALE PLOT

74. Donato repeats and realleges paragraphs 35 to 39.

75. The BOP cannot categorically withhold all 225 pages responsive to Donato's request when there is a strong public interest in knowing how the BOP conducts an investigation into an alleged murder conspiracy that occurred at the MCC Manhattan, is in the public domain outweighing 3rd party privacy interests, and why redactions or selective withholding will not suffice to protect any existing privacy interests.

76. The public interest in disclosure of information regarding misconduct of public employees both lessens a public employee's expectation of privacy and provides the requisite public interest in shedding light on an agency's performance of its statutory duties.

77. Donato's FOIA request emcompasses far more than any single discreet category of documents. It is aimed at the practice of each DOJ agency named here with regard to making adequate disclosures related to an alleged murder conspiracy and the government's handling of its investigation into informant perjury, inattention to duty, a possible government cover-up of the results of its investigation into the Cicale plot, and the government potentially withholding BRADY material.

78. FOIA mandates that any reasonable segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt. 5 USC 552(b).

79. The government bears the burden of demonstrating that no reasonably segregable material exists in the withheld

documents.

80. To demonstrate that the withholding agency has disclosed all reasonably segregable material, the withholding agency must supply a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply.

81. Donato requests that this Court order the BOP to release all 225 pages withheld or, in the least, provide a VAUGHN index, which must adequately describe each withheld document, state which exemption claimed for each document, and explain the exemption's relevance.


CLAIM 4 - BOP ISSUE 2 - WORKSHEETS

82. Donato repeats and realleges paragraphs 40 to 51.

83. The BOP did not adequately conduct a thorough search of Donato's request for the "Factors Under 18 USC 3621(b) Worksheets" for each of his federal prison transfers when they were unable to locate the Worksheets even though the Worksheets are specifically referenced in numerous federal court cases.

84. An agency fufills its obligation under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents.

85. To meet its burden, the agency may submit affidavits or declarations that explain the scope and method of its search in reasonable detail.

86. The affidavits or declarations should set forth the search terms and the type of search performed, and aver that

all files likely to contain responsive materials were searched.

87. Donato requests that this Court order the BOP to re-search their records to locate the Worksheets responsive to his request or submit a detailed affidavit setting forth the search terms and the type of search performed if they cannot locate the Worksheets.

## PRAYER FOR RELIEF

Donato requests that this Court:

A. Declare Defendants failure to comply with FOIA to be unlawful;

B. Enjoin Defendants from continuing to withhold the records responsive to Donato's FOIA request and otherwise order the Defendants to produce the requested records without further delay;

C. Grant Donato an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 USC 552(a)(4)(E)(i) and 5 USC 552(a)(3)(B); and

D. Grant Donato such other and further relief that the Court deems proper.

Dated:  2-11-16                          Respectfully submitted,

                                         Anthony Donato