# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTHONY DONATO, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 1:16-CV-00632 (KBJ) |
| | : | |
| EXECUTIVE OFFICE OF THE | : | |
| UNITED STATES ATTORNEYS, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## DECLARATION OF GOVERNMENT INFORMATION SPECIALIST SANDRA RAYMOND

I, the undersigned, Sandra Raymond, do hereby make the following declaration, pertinent to the above-styled and numbered cause.

1. I am currently employed by the Federal Bureau of Prisons (BOP) as a Freedom of Information Act ("FOIA") Government Information Specialist in the General Counsel's FOIA/Privacy Act (PA) Section. My office is located at the United States Penitentiary in Leavenworth, Kansas. I have served in this capacity since January 2014. Prior to my current assignment, I served as a Financial Program Specialist at USP Leavenworth.

2. This Declaration is in response to Mr. Donato's Complaint regarding the processing of BOP FOIA Request 2014-05244. Mr. Donato states that he "seeks disclosure of documents from the BOP pertaining to Donato's request for the 'Factors Under 18 USC 3621(b) Worksheets' (Worksheets) used in determining Donato's prison transfers." Complaint ¶¶ 3, 40-52, 82-87.

3. On 11 March 2014, Mr. Donato's FOIA Request Number 2014-05244 was received in the BOP's FOIA/PA Office located in Washington, D.C. See Exhibit A. Mr. Donato requested "copies of the FACTORS UNDER 18 USC § 3621(b) WORKSHEETS used to determine my following designations: 1) In 2009, MDC Brooklyn to FCI Estill; 2) In 2010, FCI Estill to FCI Oakdale; 3) In 2012, FCI Oakdale to FCI Sandstone." Id. at pp. 1-2.

4. In a letter dated 19 March 2014, Regional Counsel for the BOP's North Central Regional Office sent Mr. Donato an acknowledgement letter. Exhibit B.

5. On 26 March 2014, staff from the BOP's North Central Regional Office, located in Kansas City, Kansas, sent a request to the BOP's Federal Correctional Institution (FCI), Sandstone, located in Sandstone, Minnesota,

requesting that it conduct a search for records responsive to the Plaintiff's FOIA request.

6. On 22 August 2014, I was assigned to process Mr. Donato's request. The request folder included e-mail dated 1 April 2014, in which staff at FCI Sandstone detailed their search of Mr. Donato's Inmate Central File. Staff reported that Mr. Donato's Inmate Central Inmate File did not contain any records responsive to Mr. Donato's FOIA request.

7. On 25 August 2014, I drafted a determination letter in which I concluded that "no records could be located responsive to [Mr. Donato's] request." This letter was reviewed and approved by my supervisor. On 3 September 2014, I printed and mailed the determination letter to Mr. Donato. Exhibit C.

8. On 30 September 2014, Mr. Donato filed an administrative appeal of FOIA request 2014-05244 with the Office of Information Policy (OIP). Mr. Donato alleged that the search in FOIA request 2014-05244 was inadequate. Mr. Donato averred that a search of records at the BOP's Designations and Sentence Computation Center (DSCC) was required. Exhibit D.

3

9. On 27 April 2015, staff from OIP asked me whether a search for responsive records had been conducted at the DSCC. A search had not been conducted at that time; therefore, on 28 April 28 2015, I asked the DSCC to conduct a search for the documents Donato sought. On 10 June 10 2015, I sent a follow-up email to the DSCC to inquire about the status of the search. On that day, the DSCC responded that that the information Mr. Donato sought was not maintained in the format he requested. Nevertheless, DSCC's searches rendered two pages of records entitled, "Request for Transfer/Application of Management Variable." dated March 2, 2010, and February 7, 2012, and further stated that no forms were located regarding Mr. Donato's 2009 transfer from Metropolitan Detention Center (MDC) Brooklyn to FCI Estill. On June 10, 2015, I informed OIP that two pages were provided by DSCC in response to Mr. Donato's original FOIA request.

10. On 31 July 2015, OIP remanded FOIA Request 2014-05244 to the BOP, requesting that the BOP release the two pages of records ultimately located at the DSCC. Exhibit E.

11. On 31 July 2015, I opened a new request for Mr. Donato—2015-06790—to process the agency records recovered from the DSCC. On 3August 2015, I sent the two pages of records (with partial redactions) to Mr. Donato along

4

with a determination letter detailing the statutory exemptions applied by the BOP.

12. In processing Mr. Donato's request, the BOP searched for responsive records in Mr. Donato's Inmate Central File and, ultimately, at the DSCC. These are the two locations where records responsive to Mr. Donato's request were most likely to be found. No other areas remain to be searched that are likely to render responsive documents. Donato does not challenge the BOP's application of the statutory exemptions to the two pages of records that were released. Compare Complaint, ¶¶ 82-87.

13. Finally, I have carefully reviewed Attorney General Holder's memo dated 19 March 2009, which encourages agencies to make discretionary disclosures and directs agencies to segregate and release nonexempt information. The documents were carefully reviewed for reasonably segregable information. I have determined that there is no additional reasonably segregable information that can be released to the Mr. Donato.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed this 19th day of December 2016.

*Sandra Raymond*
SANDRA RAYMOND
Government Information Specialist
FOIA/PA Section, Central Office of the
Bureau of Prisons/USP Leavenworth